## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Civil Action No. _____8:21-cv-01421_____

JAMES CHANCE,

    Plaintiff,

v.

HUNTER WARFIELD INC.,

    Defendant.

_____/

## **COMPLAINT**

NOW COMES Plaintiff, JAMES CHANCE, through undersigned counsel, complaining of Defendant, HUNTER WARFIELD INC., as follows:

## **NATURE OF THE ACTION**

1.    This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

## **JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## **PARTIES**

4.    JAMES CHANCE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Sparks, Georgia.

5.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.    HUNTER WARFIELD INC. ("Defendant") is a corporation organized and existing

1

under the laws of Maryland.

7.     Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

8.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4231.

10.    At all times relevant, Plaintiff's number ending in 4231 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11.    At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

12.    Plaintiff entered into a lease for a home with Diamond Realty in Valdosta, Georgia.

13.    Plaintiff's lease ended and Plaintiff vacated the property.

14.    Diamond Realty claimed Plaintiff did not vacate the rental in as good of condition (besides ordinary "wear and tear") as he received it.

15.    Diamond Realty assessed $2,693.00 in damages/repairs.

16.    This $2,693.00 in damages – once unpaid – was referred for collection on January 23, 2017.

17.    Soon, Plaintiff started to receive phone calls from Defendant who was seeking payment on Plaintiff's $2,693.00 balance.

18.    Like clockwork, Plaintiff receives 3-4 phone calls from Defendant each week.

19.    Often times, Plaintiff simply doesn't answer.

20.    On multiple occasions, Plaintiff received automated, machine-operated messages

2

providing: "*This is message is for ..., if this is ... please stay on ...*".

21.     At times, if Plaintiff did not answer the above-referenced machine-operated message would be deposited into his voicemail.

22.     Other times, however, Plaintiff answered and was met by clear pause prior to being connected to an agent.

23.     Plaintiff requested that Defendant stop contacting him regarding the alleged subject debt, as he was not in a position to make payment.

24.     Despite Plaintiff's request, the calls continued.

25.     On one of the calls that Plaintiff answered, Plaintiff discussed resolving this debt.

26.     During this call, Plaintiff agreed to settle at $1,360.25.

27.     Minutes afterwards, however, Defendant informed Plaintiff that he owed $2,170.40 if he wished to settle.

28.     Plaintiff refused then told Defendant: "[d]on't contact me anymore, I'll take care of it when I'm able to.".

29.     Sadly, Defendant's harassing phone calls continue to be received in spite of Plaintiff's request(s).

30.     To date, Plaintiff received dozens of phone calls from Defendant despite Plaintiff's request(s) that these phone calls stop.

## DAMAGES

31.     Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone,

temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur reasonable necessary attorney's fees to vindicate his rights.

### CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33.     Paragraphs 9 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35.     As plead above, Defendant used an artificial or pre-recorded voice, which automatically played once Plaintiff answered or Defendant's phone calls went to Plaintiff's voicemail.

36.     Upon information and belief, based on the clear pause Plaintiff noticed when Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

37.     Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the clear pause.

38.     Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order

4

in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

39.     As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone.

40.     As plead above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

41.     Upon information and belief, Defendant has no system in place to document whether they have consent to contact consumers on their cellular telephones.

42.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43.     Upon information and belief, Defendant knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and profits.

44.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

5

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 11th, 2021                          Respectfully submitted,

                                                **JAMES CHANCE**

                                                By: /s/ Alejandro E. Figueroa
                                                 Alejandro E. Figueroa, Esq.
                                                Florida Bar No. 1021163
                                                SULAIMAN LAW GROUP, LTD.
                                                2500 South Highland Avenue
                                                Suite 200
                                                Lombard, Illinois 60148
                                                +1 630-575-8181 Ext. 120
                                                alejandrof@sulaimanlaw.com